```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**AMERICAN ACQUISITION, LLC**                                    PLAINTIFF

        v.            Civil No. 09-5063

**JEFFREY LANE GADDY and LINDA
A. GADDY, CO-TRUSTEES OF THE
BOB L. GADDY TRUST; J. SCOTT
BULL; and REBECCA L. BULL**                                     DEFENDANTS

<u>MEMORANDUM OPINION</u>

    Now on this 18th day of September, 2009, comes on for consideration **Plaintiff American Acquisition, LLC's Motion For Summary Judgment** (document #8), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   The First Amended Verified Complaint in this matter alleges as follows:

    *   that defendants J. Scott Bull and Rebecca L. Bull ("Bulls") borrowed money from ANB Financial, N.A. ("ANB"), and executed promissory note #89000560 (the "Note") in connection therewith;

    *   that Bob L. Gaddy gave ANB a personal guaranty of the Note (the "Guaranty");

    *   that ANB assigned the Note and the Guaranty to plaintiff;

    *   that the Bulls are in default on the Note;

    *   that it has increased the interest rate on the Note, pursuant to its terms, to the maximum rate allowable by law;

\* that Bob L. Gaddy is deceased, but prior to his death he established the Bob L. Gaddy Trust (the "Trust"), which stands liable for the Guaranty;

\* that the Bulls and the Trust are jointly and severally liable on the Note;

\* that there is a balance due on the Note of $1,098,658.14 as of march 17, 2009; and

\* that it is entitled to costs and attorney's fees pursuant to the terms of the Note, the Guaranty, and Arkansas law.

2. Plaintiff now moves for summary judgment as against the Bulls, in the sum of $1,116,640.74, plus interest from June 6, 2009, to the date of judgment at the rate of 15% per annum, plus post-judgment interest at the statutory rate. Plaintiff also claims attorney's fees of $8,847.30, and costs of $2,262.10. These figures are supported by the Affidavit of Laura Beil.

Plaintiff further asks the Court to enter final judgment on its motion as contemplated in **F.R.C.P. 54(b)**, and expressly determine that there is no just reason for delay.

3. The Bulls respond that they "do not have a valid legal or factual defense to the Motion for Summary Judgment . . . and therefore confess judgment on the liability issue." They further state that they do not have "information sufficient to admit or deny the allegation with respect to the *amount* of the debt due and owing to Plaintiff."

4.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

5.   In this case, the Bulls have come forward with no evidence to establish a dispute about the amount owed to plaintiff, and the Court finds that summary judgment is appropriate as to both liability and damages, in the amounts claimed by plaintiff.

6.   Plaintiff has also moved the Court to enter final judgment on its motion, as contemplated in **F.R.C.P. 54(b)**, and expressly determine that there is no just reason for delay. No reason is offered in support of this request, and it will be

denied.  Such orders are not routinely entered, and "some showing must be made by the party desiring an immediate appeal in order to overcome the normal rule that no appeal be heard until the entire case has been completed." **Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2659.**

**IT IS THEREFORE ORDERED** that **Plaintiff American Acquisition, LLC's Motion For Summary Judgment** (document #8) is **granted,** and judgment will be entered in accordance with this Memorandum Opinion.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**